DECISION AND JUDGMENT ENTRY
David M. Persons appeals the trial court's denial of his postconviction petition to recalculate his jail time credit. Persons asserts that the Washington County Court of Common Pleas should have granted his petition for postconviction relief because he was actually confined between October 13, 1997 and November 7, 1997, and the court failed to award him jail time credit for that confinement. Because Persons raised the issue of his jail time credit at his sentencing hearing but did not challenge the trial court's calculation of his jail time credit on direct appeal, and because the evidence from outside the record which Persons attached to his petition is merely duplicative of evidence in the record of his sentencing hearing, we find that Persons' petition is barred by res judicata.
Accordingly, we overrule Persons' sole assignment of error and affirm the judgment of the trial court.
 I.
On October 3, 1997, Wisconsin police arrested Persons on charges of operating a motor vehicle without the owner's consent and on an outstanding warrant from Washington County, Ohio. Wisconsin dismissed the charges against Persons on October 13, 1997, but continued to hold Persons. On November 7, 1997, Persons waived extradition proceedings and agreed to be returned to Ohio to face charges of escape and assault on a police officer.
Persons appeared before the Washington County Court of Common Pleas and pled not guilty to the escape and assault charges. He later changed his plea to guilty on both charges. At his sentencing hearing, Persons' counsel stated for the record that Persons attempted to waive extradition in Wisconsin before November 7, 1997, but he was prevented from doing so because the Wisconsin authorities either could not or would not bring him before a judge for the extradition proceedings at an earlier time. Persons' counsel asked the court to award Persons jail time credit from the date Wisconsin dismissed the charges against Persons, October 13, 1997.
The trial court sentenced Persons to eighteen months imprisonment and gave him jail time credit from the date he actually waived extradition, November 7, 1997. Persons appealed, challenging the length of his sentence and the accuracy of his presentence investigation report. Persons did not assert that the trial court erroneously calculated his jail time credit. We affirmed the judgment of the trial court in State v. Persons
(April 26, 1999), Washington App. No. 98CA19, unreported.
Persons filed a postconviction motion for the trial court to modify its sentencing entry to give him jail time credit from October 13, 1997. Persons attatched to his petition documents from the Wisconsin court reflecting that Wisconsin dismissed the charge against him on October 13, 1997. The documents contain no mention of extradition. The trial court found that Persons failed to present any evidence that he waived extradition on a date other than November 7, 1997. Therefore, the trial court denied Persons' petiton.
Persons appeals, and asserts that the trial court erred in refusing to grant his motion for jail time credit.
 II.
Pursuant to R.C. 2953.21, a convicted defendant who claims a denial of his constitutional rights may seek to compel the trial court to vacate the judgment. No matter how styled, such an action constitutes a petition for postconviction relief. State v.Reynolds (1997), 79 Ohio St.3d 158, 160. Thus, although Persons styled his petition as a "Motion for Jail Credit," it is actually a petition for postconviction relief, and we treat it as such.
To prevail on a petition for postconviction relief, the defendant must: (1) present evidence from outside the record, and (2) allege an error that deprived him of a constitutional right.Res judicata bars claims for postconviction relief that are based on allegations the petitioner raised or could have raised at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175
. In Perry, the Ohio Supreme Court held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id. at paragraph nine of the syllabus (Emphasis added). See, also, State v. Reynolds (1997), 79 Ohio St.3d 158, 161.
Since a petitioner could have raised on direct appeal any claim that he supports only with the record, a trial court may dismiss a petition for relief when the petitioner fails to produce evidence outside the record to support his claim. State v. Kapper
(1983), 5 Ohio St.3d 36, 38; State v. Jackson (1980), 64 Ohio St.2d 107,111.
In this case, Persons produced evidence from outside the record in the form of the Wisconsin court documents. However, the information contained in those court documents is merely duplicative of evidence contained in the record. The transcript of Persons' sentencing hearing, like the documents Persons produced, reflects that Wisconsin dismissed the charges against him on October 13, 1997. Therefore, despite the fact that Persons produced documents that were not contained in the record, Persons did not produce new evidence that enables him to avoid application of the doctrine of res judicata. Persons could have asserted on direct appeal that the trial court erred in refusing to give him jail time credit from October 13, 1997. Therefore,res judicata applies, and the trial court did not error by denying Persons' petition.
Accordingly, we overrule Persons' assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
ABELE, J.: Concur in Judgment and Opinion.
EVANS, J.: Not Participating.
For the Court
 BY: _________________________________ ROGER L. KLINE, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.